By the Court, McCunn, J.
This is an action for injury to personal property, and also for the conversion of property. Damages were laid by the plaintiff at $5000.
Tt appears from the pleadings and by the evidence in the case, that the plaintiff, as tenant, occupied certain premises known as 241 Bowery, in the city of New York, and that on the 1st of May, 1856, he held over after the expiration of his lease. The defendant, the incoming tenant, under a new lease and by virtue of the statute giving him the right, took legal steps to evict the plaintiff, and procured the proper warrant for that purpose, and under such warrant the plaintiff was removed from the premises.
The plaintiff claimed and endeavored to give evidence at the trial that, in the removal of his goods under the warrant, the defendant rendered himself liable for injury to the plaintiff’s property, either through negligence or 'malice. The plaintiff further claimed that, in addition to his loss for such injury to his goods, the defendant prevented him from removing and taking away a temporary workshop, which he, the plaintiff, had erected on the premises at his own expense, worth at least $300, thereby converting the same to his own use.
The defendant set up in his answer and endeavored to prove on the trial that the shop belonged to the realty, and that consequently the plaintiff had no right to remove the same, and that in removing the goods from the premises under the *24 warrant to dispossess, he, the defendant, acted under color of law, and that the property was not injured by such removal.
As to the question of the shop belonging to the realty, very serious doubts arise in my mind in examining that question ; but I am relieved from this responsibility by reason of a portion of the charge of the learned justice who presided at the trial, in which I think he was in error; this being so, I .pass this question and other questions arising in the case, and proceed at once to that portion of the charge in which I think there is a clear mistake made as to the law.
It would seem to be conceded by both parties, because I find no objection taken at the trial, that the proceeding had before the justice and the warrant issued thereunder to dispossess the plaintiff from the premises, was regular in all respects and was in strict accordance with the statute, and that the plaintiff in this suit was liable to be dispossessed by virtue of said warrant against him. This being so, did the defendant, acting at the request of the constable, render himself liable in assisting to remove the goods in a careful and proper manner ? Clearly not. The warrant protected all, unless the defendant acted maliciously and willfully, and of this there is no evidence.
The learned justice made use of the following language in a portion of his charge : “ One of the witnesses, the plaintiff, I believe, testifies that the day on which the property was removed was a rainy, bad day ; that it rained all day, and the property was put out in the storm, and necessarily suffered injury in consequence of that,
If that is so—if the property was removed at an improper time, so that for that reason stich removal would cause great injury to the owner, it was an Jplawful act, It was contrary to the great rule of law, which commands us to do unto others as we would be done by. The constable is commanded by the warrant, to be sure, to immediately remove certain property from the premises ; but it is common sense, as well as good law, that he is not bound to remove property which would be destroyed by a storm in the midst of a tempest. It is not *25 doing as we would be done by ; it is not right, and therefore not justified by law.”
I have no doubt that the use of this humane language by the justice had a powerful effect upon the jury, and to a very great degree influenced their minds in arriving at a conclusion as to what their verdict should be, and although advice to Lowenbein, the defendant^ to desist from the execution of the warrant on that rainy day, and wait until the clouds would pass away and sunshine again break forth, would have been most kindly intended, yet I am constrained not to recognize this theory as sound law.
To give encouragement to such a principle would, in the end, embarrass the entire proceedings of our courts, and tend in a very great measure to defeat the aim and object of the law.
The law does not, in this sense, recognise the state of the weather ‘ and it is for these reasons, without more fully entering into the case, I find myself compelled to adopt the opinion that the judgment in this case should be reversed and a new trial ordered, with costs to abide the event.
New trial granted.